## Smith *versus* Coyle.   Coyle's Appeal.

A devise of real estate was to B. for life, and after her death to the lawful issue of her body begotten who should be living at the time of her death. equally to be divided among them as tenants in common, but subject to a perpetual annuity, and if B. should die without issue, then to J., his heirs and assigns for ever, subject to the above annuity: *Held* (affirming the court below), that a fee was vested in the issue of B. who were living at the time of her death.

January 8th 1877.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.   Williams, J., absent.

Appeal from a decree of the Court of Common Pleas, No. 3, of *Philadelphia county :*  Of January Term 1875, No. 171.

This was a bill in equity, brought March 31st 1875, by Walter B. Smith against Samuel A. Coyle, for the specific performance of an agreement for the sale of real estate.   The bill contained this case :  On October 23d 1874, the defendant agreed to buy from the plaintiff a lot of ground on Commerce street, Philadelphia, which the plaintiff then owned, for $14,000.   The defendant, upon examining the plaintiff's title to the property, refused to accept it, alleging it to be unmarketable.   The plaintiff's title was derived through Deborah Morris, who died seised of the premises, and whose will, duly proved in 1793, contained this clause :—

" Item : I devise to Elizabeth Shoemaker, for and during her natural life, all my present mansion or dwelling-house and half the garden lot contiguous thereto, with the westernmost frame house in Farmer's alley, the adjoining tenement now in the tenure of Jacob Foster,

[Smith v. Coyle.]

and my chair house and stables, subject to the payment of 20l. per annum to my niece, Mary Jones, daughter of my brother James, during the natural life of said Mary, and also subject to the ground-rent of 50s. per annum now payable thereout; and from and after the decease of the said Elizabeth Shoemaker, I devise the same to Sarah Powell Buckley, daughter of my niece Sarah Buckley, during her natural life; subject to the payment of the said annuity to Mary Jones, and also subject to the payment of 12l. per annum to her mother, Sarah Buckley, during the natural life of the said Sarah Buckley. And from and after the decease of the said Sarah Powell Buckley, then I devise the same to the lawful issue of the body of the said Sarah Powell Buckley begotten who shall be living at the time of her death, equally to be divided between them as tenants in common and not as joint tenants, subject however to the payment of the aforesaid annuities and ground-rent, and also subject, from the expiration of said annuities, to an annuity of 12l. per annum payable thereout annually for ever to the overseers of the public school founded by charter in the town and county of Philadelphia, for the use of the Free Negro School in the city of Philadelphia under the care of Friends: And if the said Sarah Powell Buckley shall die without issue, then I devise the same to my nephew, Jonathan Jones, the late husband of my beloved niece Mary Jones, his heirs and assigns for ever, subject to the aforesaid annuities and ground-rent."

Elizabeth Shoemaker, Mary Jones and Sarah Buckley died long before the bill was filed. Sarah Powell Buckley also died before the bill was filed, leaving certain issue, the title of all of whom was well and sufficiently vested in the plaintiff. The yearly ground-rent and perpetual annuity of 12l. mentioned in the above clause of the will had also been paid off and discharged. The bill further averred that in March 1875, the plaintiff, to remove all doubts as to whether the will had vested an estate for life only in the issue of Sarah Powell Buckley, with remainder in tail to her, with remainder in fee to Jonathan Jones, had obtained from the heirs of Sarah Powell Buckley, then living, a deed to bar the alleged entail and confirm the premises to him in fee.

The defendant demurred to the bill. The court below was of opinion that the issue of Sarah Powell Buckley living at her death took a fee by implication from the devise over to Jonathan Jones in fee, though the estate was limited to them without words of inheritance, and decreed the performance of the contract, whereupon the defendant took this appeal.

E. K. Price, for the appellant.

E. C. Mitchell, for the appellee.

The judgment of the court was entered, January 15th 1877,

[Smith *v.* Coyle.]

PER CURIAM.—The failure of issue of Sarah Powell Buckley was definite, and therefore her issue living at her death took as purchasers and as tenants in common, under the will of Deborah Morris. There being such issue there was no failure; and the estate actually vested in them subject to the payment of certain legacies, one of which was perpetual, and therefore discloses the intention of the testator to give them a fee. The devise to Jonathan Jones was evidently substitutionary and not contingent on a general or indefinite failure of issue. He was to take only in the event of Sarah P. Buckley's death without issue—evidently meaning the failure just before recited which was to admit the living issue to the estate; in other words, he was to take in the event of a definite failure of issue. This of course was the substitution of one estate for another, founded upon the same contingency. If there were issue living at Mrs. Buckley's death they were to take; if none, then Jonathan Jones was to take. Evidently the testatrix considered the estate once vested in the issue a fixed and permanent one, or she would not have provided for the payment of a perpetual legacy. Taking all parts of the item together we think there is no doubt a fee vested in the issue living at the death of Mrs. Buckley.

Decree affirmed with costs to be paid by the appellant, and the appeal is dismissed.